NORTHWESTERN TOWNSITE CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Eighth Circuit. July 26, 1910.)

No. 3,295.

*(Syllabus by the Court.)*

PRINCIPAL AND SURETY (§ 79*)—EXTENT OF LIABILITY—DIFFERENT CAPACITIES.
    No liability of surety for acts of employé as the officer or servant of a third party.
    [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 125; Dec. Dig. § 79.*]

In Error to the Circuit Court of the United States for the Western District of Oklahoma.

Action by the Northwestern Townsite Company against the Fidelity & Deposit Company of Maryland. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles L. Moore (John C. Moore and John A. Remy, on the brief), for plaintiff in error.

Frank Dale (A. G. C. Bierer and Benj. F. Hegler, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. Henry H. Watkins was the treasurer of the Northwestern Townsite Company, and the cashier of the Citizens' Bank of Enid, Okl. On warranties of the townsite company that Watkins would be permitted to pay out moneys of the company only on check, that he would be required to deposit all the company's funds coming to his possession in the bank upon their receipt, that he would have no authority to indorse checks drawn to the order of the company nor to sign checks on its behalf, the Fidelity & Deposit Company of Maryland agreed with the townsite company to reimburse it for such pecuniary loss as it should sustain during the term of one year by any act of larceny or embezzlement upon the part of Watkins in the rendition of his service as treasurer of the company. One Chambers had purchased lots of this company, and he and the company had agreed that the deeds for these lots should be deposited with the bank to be delivered by the latter to Chambers as he should pay for them. Chambers had a general deposit account with the bank, and he took the deeds from it and paid for them by giving to the company his checks on his credit in the bank for $15,500, and the bank charged Chambers and credited the townsite company on its books with this

―――――――――

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount. The townsite company accepted this credit and checked out all but $10,694.40 of it before the bank failed. It failed indebted to the townsite company in the latter amount. At the times when Chambers' checks were received and the credits were transferred thereon from Chambers to the townsite company the bank was insolvent, and Watkins knew it. He, however, took no part whatever in the making of the sales of the lots to Chambers, in the deposit of the deeds with the bank, and in the receipt of the checks in payment for them, except that in one instance he sent a deposit slip showing a credit of the amount of one of Chambers' checks to the townsite company. The insolvency of the bank was caused by the use of its funds by Watkins as its cashier for some purpose other than the payment of the rightful obligations of the bank. After the failure of the bank the townsite company sued the fidelity company on its indemnity contract for the $10,694.40, and it is assigned as error that upon the facts which have been recited the court below rendered judgment for the defendant.

The argument is that as Watkins knew that the bank was insolvent when the checks of Chambers were passed to the credit of the townsite company, the title to the money which these checks represented never vested in the bank, but the money was held by it for the townsite company as a trustee ex maleficio and Watkins, by his unlawful use of this money as cashier of the bank, was guilty of larceny or embezzlement as treasurer of the townsite company. This contention is unsound because no money was ever deposited with the bank by or for the townsite company by means of the use of the checks of Chambers. The actual transaction was that the credit of $15,500 which Chambers had with the insolvent bank was transferred by means of his checks to the townsite company, so that after the transfer the bank owed to the townsite company the debt of $15,500, which it previously owed to Chambers. There is neither finding nor evidence that Chambers was aware of the insolvency of the bank, or that he participated in any way in any fraud upon the townsite company, and therefore there is no basis for the contention that the bank was a trustee for or other than the debtor of the townsite company.

Again, it is for the acts of larceny or embezzlement of Watkins in the performance of his duties as treasurer of the townsite company and for these only that the fidelity company undertook to indemnify the townsite company and his acts of appropriation were of the funds of the bank and were committed by virtue of his office of cashier of the bank and not in the performance of any of his duties as treasurer of the townsite company. A surety company which indemnifies a corporation against the acts of larceny or embezzlement of its officer or servant in the discharge of the duties of his position is not liable for his acts of larceny or embezzlement in the discharge of the duties of his position as an officer or servant of a third party.

The judgment below was right, and it must be affirmed.

It is so ordered.